WILLIAM D. BAILEY, Respondent, *v.* THE ROME, WATER-TOWN AND OGDENSBURG RAILROAD COMPANY, Appellant.

*Action against a company for furnishing to its employees defective and unsafe machinery — knowledge by it of the defect must be shown affirmatively.*

The complaint, in an action brought by the plaintiff to recover damages for injuries sustained by him while employed as a brakeman upon one of the defendant's freight trains, alleged that it was the duty of the defendant to provide for the use of its employees safe cars, brakes, machinery, etc., and to keep the same in good repair, but that it knowingly provided, used, and permitted to be used, unsafe, defective and dangerous freight cars, car-brakes, etc.

Upon the trial he testified that while he was attempting to set the brake upon one of the cars of a train which had left Norwood, the northern terminus of the defendant's road, about two P. M., and arrived at De Kalb between three and four P. M., he set the brake as firmly as he could with the muscles of his wrist and then swayed upon it, when the brake-rod and handle came up in his hands easily and threw him from the train, by reason of which accident he was injured by the moving cars.

After the injury it was found that the pin in the bottom of the brake-rod, by which the rod was held in its place, was gone, but there was no evidence which tended to show when it was broken, removed or lost, or that the defendant or any of its employees knew of its absence before the accident, or to show any omission on the part of the defendant to properly inspect the car in question.

*Held,* that the evidence was insufficient to justify the submission to the jury of the question of the defendant's negligence, and that the court erred in refusing to grant the defendant's motion for a nonsuit; that there was no evidence in the case to sustain the plaintiff's allegation that the defendant had knowledge of the defect complained of.

Appeal from a judgment in favor of the plaintiff, entered in Oneida county December 12, 1887, for $10,113.62 damages and costs, and from an order denying the defendant's motion for a new trial made on the minutes of the justice before whom the action was tried.

The case contained all the evidence.

*Beardsley & Beardsley,* for the appellant.

*Scripture & Backus,* for the respondent.

MARTIN, J. :

This action was for negligence. The plaintiff was an employee of the defendant. The plaintiff, in his complaint, alleged that he was, on the 3d day of August, 1886, a brakeman upon one of the defendant's freight trains; that it was the defendant's duty to provide for the use of its employees safe cars, car-brakes, machinery, etc., and to keep the same in good repair, but that it *knowingly* provided, used, and permitted to be used, unfit, unsafe, defective and dangerous freight cars, car-brakes, etc., and *knowingly* allowed them to be used ; and that while the plaintiff was performing his duties in a dangerous and unsafe place the defendant directed, caused or permitted him to use and operate such dangerous, unsafe and unfit cars, car-brakes, etc., and that he was, by reason of such negligence and want of care, and without any fault of his own, injured in the manner therein stated. All the material allegations of this complaint were put in issue by the defendant's answer.

The accident, which resulted in the plaintiff's injury, occurred at De Kalb Junction, a station on the defendant's railroad, on the 3d day of August, 1886. The plaintiff was a brakeman on a freight train known as number sixty. The train left Norwood, the northern terminus of the defendant's road, about two P. M., and arrived at De Kalb between three and four P. M. It was made up of box and flat freight cars. While the train was doing its work at the latter station the plaintiff attempted to set the brake upon one of the flat cars, when, as he claims, he set the brake as firmly as he could with the muscles of his wrist and then swayed upon it, when the brake-rod and handle came up in his hands easily and threw him from the train, where he was injured by the moving cars. After the plaintiff's injury it was found that the pin in the bottom of the brake-rod, by which the rod is held in its place, was gone. There was no evidence which tended to show when it was broken, removed or lost, nor that the defendant or any of its employees knew of its absence before the accident; neither did the plaintiff give any evidence tending to show any omission on the part of the defendant to properly inspect the car in question. The only theory upon which the plaintiff claimed to recover was, that having proved that after the accident the pin was out of the rod, the jury had the right to infer from that fact alone that the pin was out when

the train left Norwood, which was some thirty or forty miles distant, and then upon the inference thus drawn to base the further inference that the car was not properly inspected before it left that station, and upon this second inference to find that the defendant was negligent. We do not think this theory can be sustained.

We think the plaintiff's evidence was insufficient to justify the submission to the jury of the question of the defendant's negligence, and that the court erred in refusing to grant the defendant's motion for a nonsuit. There was no evidence in the case to sustain the plaintiff's allegation that the defendant had *knowledge* of the defect complained of. Indeed, the evidence totally fails to show that it existed before the accident. Under the evidence we can discover no reason why this pin may not have been broken at the time of the accident, or lost but or removed while the train was at De Kalb, or on its way from Norwood to that station, as well as before that time. The proof was, at least, equally consistent with the theory that the pin came out when the accident occurred, or after the train left Norwood, as with the theory that it was out when it left the latter place. If it was lost or broken at De Kalb, or during the trip that day, then there can be no pretense that there is any proof that the defendant was negligent.

The duty of a master to furnish safe, suitable and proper tools, machinery and implements for the use of his servant in the performance of his work, and to keep them in proper repair, is not an absolute one. It is satisfied by the exercise of reasonable care and prudence on the part of the master. (*Probst* v. *Delamater*, 100 N. Y., 266.) Therefore, to entitle the plaintiff to recover in this action, he was bound to prove that the defendant had omitted to exercise reasonable care in furnishing the plaintiff with safe and proper tools and appliances to be used by him in the performance of his work, or that it was negligent in not keeping them in a proper state of repair. If the defendant was negligent, the burden of establishing that fact was upon the plaintiff. Negligence must be proved, it is not to be presumed.

Where a servant enters upon an employment, from its nature necessarily hazardous, he assumes the usual risks and perils of the service, and also those that are known to him, or which are apparent to ordinary observation. (*Williams* v. *D., L. and W. R. R. Co.*,

39 Hun, 432, and cases cited in opinion.) An employee in the service of a railroad corporation assumes the risks and dangers incident to the business in which he is engaged, and while the company is bound to exercise reasonable care to furnish suitable and safe machinery and appliances for his use, having done so, it is not liable for an injury resulting from their breaking or failure, unless it is shown that the corporation has been guilty of negligence in regard thereto. (*De Graff* v. *N. Y. C. and H. R. R. R. Co.*, 76 N. Y., 125.) In the language of ALLEN, J., in *Wright* v. *New York Central Railroad Company* (25 N. Y., 566): "If the injury arises from a defect or insufficiency in the machinery or implements furnished to the servant by the master, knowledge of the defect or insufficiency must be brought home to the master, or proof given that he was ignorant of the same through his own negligence and want of proper care." The same doctrine is held in *Chapman* v. *Erie Railroad Company* (55 N. Y., 579); *Baulec* v. *New York and Harlem Railroad Company* (59 id., 356); *Edwards* v. *New York and Harlem Railroad Company* (98 id., 245); *Kelly* v. *New York and Sea Beach Railway Company* (11 Cent. Rep., 874; 109 N. Y., 44). A master's liability to his servant for injuries received in the course of his employment is based upon the personal negligence of the employer, and the evidence must establish personal fault on his part, or what is equivalent thereto, to justify a verdict, and he is entitled to the benefit of the presumption that he has performed his duty until the contrary appears. (*Cahill* v *Hilton*, 106 N. Y., 512, 517.) The submission of an action for negligence to a jury is not authorized where a plaintiff's evidence is equally consistent with the absence as with the existence of negligence, as in such a case the evidence fails to establish negligence. (*Baulec* v. *N. Y. and H. R. R. Co.*, *supra*; *Hayes* v. *Forty-second Street, etc., R. R. Co.*, 97 N. Y., 259.)

The principles of the authorities cited, we think, fully sustain our conclusion that the evidence in this case was insufficient to justify the submission to the jury of the question of the defendant's negligence, and that the court erred in refusing to grant the defendant's motion for a nonsuit. For this error the judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.