### OEHME *v.* COOK *et al.*

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

MASTER AND SERVANT—DEFECTIVE APPLIANCES—EVIDENCE.

In an action by a servant for personal injuries caused by an alleged defect in the master's machinery the complaint will be dismissed in the absence of evidence to show how long the defect has existed.

Appeal from trial term.

Action by William Oehme against Valentine Cook and another for personal injuries sustained by plaintiff from the alleged negligence of defendants while employed in their iron foundry. A crane in the foundry consists of a vertical beam, about 16 or 18 feet high, that reaches nearly to the ceiling, and revolves on a pivot. From the top of this beam, two horizontal pieces of timber, about 20 feet long, parallel, on the same level, extending in the same direction from the vertical beam, and reaching out the same distance from it, project. A carriage, the wheels of which rest on the two horizontal timbers, moves back and forth upon them. A traveling bar is run directly above the space between the horizontal timbers. The one end of the traveling bar is fastened to the carriage, and, as the carriage is moved back and forth, the traveling bar, to keep its horizontal position, moves on a cog-wheel between the horizontal timbers nearest the vertical beam. On the inner side of either of the horizontal timbers a bar of iron was screwed, on which the end of the traveling bar would drop, in case it was forced outward beyond a certain point. This bar, which the witness called the "preserver," plaintiff attempted to prove, was absent at the time of the accident. From a judgment entered on a nonsuit, plaintiff appeals.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*August P. Wagener* and *Lexow & Leo*, (*Leopold Leo*, of counsel,) for appellant. *Edward M. Burghard* and *Lewis Sanders*, for respondents.

VAN HOESEN, J. The evidence showed that the traveling bar fell from the crane and struck the plaintiff, but that it would not have fallen if a piece

called the "preserver" had been in its place on the crane. When the preserver was taken away, no one of the witnesses could testify, but it was replaced after the accident happened to the plaintiff. The learned judge dismissed the complaint because it did not appear how long the preserver had been off the machine, and said that it was indispensable that there should be some evidence that the defendants were negligent in failing to replace it in a reasonable time after its removal. In the absence of any evidence as to how long the preserver had been lacking, the judge said that the jury could not draw the conclusion that the defendants had been negligent, because, for aught that appeared, it might have been broken and have fallen off at the very moment of the accident. I think that the learned judge was correct in his ruling, and that the judgment should be affirmed. *Bailey* v. *Railroad Co.*, 3 N. Y. Supp. 585. Judgment affirmed, with costs.