### FAHY *v.* ROME, W. & O. R. Co.

*(Supreme Court, General Term, Fourth Department.* February, 1891.)

MASTER AND SERVANT—DEFECTIVE APPLIANCES—EVIDENCE.

In an action against a railroad company by a brakeman for injuries caused by a defective brake, it appeared that when plaintiff attempted to set the brake the bolt that secured the chain to the brake-staff came out, causing plaintiff to fall from the car. A fellow-brakeman, who examined the brake. testified that there was no nut on the bolt; that the bolt was old and rusty, and was partially riveted, but not sufficiently to hold it. It also appeared that the car had been inspected at the station which the train had just left. *Held,* that defendant's negligence was properly submitted to the jury. Distinguishing *Bailey* v. *Railroad Co.,* 3 N. Y. Supp. 585.

Appeal from circuit court, Jefferson county.

Action by Martin Fahy against the Rome, Watertown & Ogdensburg Railroad Company. The plaintiff alleges in his complaint that on the 20th August he was in the employ of the defendant as a brakeman; and that while engaged in attempting to set a brake upon a freight-car in one of defendant's trains near De Kalb station, in the county of St. Lawrence, he was thrown from the car and injured by reason of a defective brake. From a judgment entered on a verdict in favor of plaintiff for $2,500, and from an order denying a motion on the minutes for a new trial, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Edmund B. Wynn,* for appellant. *Henry Purcell,* for respondent.

MERWIN, J. The freight train upon which plaintiff was injured left Norwood on the morning of August 2, 1889. The plaintiff was the rear brakeman. The train proceeded southerly, stopping at Potsdam about 10 minutes; then at Canton about 45 minutes; and as it approached De Kalb, and blew for that station, the plaintiff set the caboose brake, and then climbed up on top of a box-car next the caboose, and while he was in the act of setting the brake on that car the brake gave way, and he was thrown upon the track, and injured. The brake-staff was connected with the chain by a bolt that passed through the staff, and upon this occasion the brake gave way by reason of this bolt pulling out, thus disconnecting the staff and the chain. The testimony of the plaintiff and of a fellow-brakeman, who examined the brake shortly after the accident, tended to show that there was no nut upon the bolt; that the bolt was an old, rusty one; that there was no thread on it, or that it was rusty where the threads were; that the end of the bolt was battered, or partially riveted, with a view, apparently, of keeping it in its place in that way, but that it was not sufficiently riveted to hold it. There was also evidence tending to show that this brake had not been used after the car left Norwood up to the time of the accident. The car belonged to the Michigan Central & Canada Southern Line, and was delivered to the defendant about 4 P. M. of the 19th August. It was shown on the part of defendant that it was inspected on the same afternoon by an inspector of the defendant; but the sufficiency of his inspection was, upon his evidence, a question of fact.

It is claimed by the counsel of defendant that this case is quite analogous to the case of *Bailey* v. *Railroad Co.,* 3 N. Y. Supp. 585, (decided in this department,) where it was held that the evidence was insufficient to sustain the finding of negligence against the defendant. In that case the plaintiff was a brakeman on a train of defendant made up of box and flat freight cars, and was injured by the giving way of the brake on one of the flat-cars while he

was attempting to set it at De Kalb Junction. After the injury it was found that the pin in the bottom of the brake-rod, by which the rod was held in its place, was gone. "There was no evidence which tended to show when it was broken, removed, or lost, nor that the defendant or any of its employes knew of its absence before the accident; neither did the plaintiff give any evidence tending to show any omission on the part of the defendant to properly inspect the car in question. The only theory upon which the plaintiff claimed to recover was that, having proved that after the accident the pin was out of the rod, the jury had the right to infer from that fact alone that the pin was out when the train left Norwood, which was some 30 or 40 miles distant, and then upon the inference thus drawn to base the further inference that the car was not properly inspected before it left that station, and upon this second inference to find that the defendant was negligent." It was said that the proof was at least equally consistent with the theory that the pin came out when the accident occurred, or after the train left Norwood, as with the theory that it was out when it left Norwood. The pin in the brake-rod, as described in the evidence in that case, was a key, a split ring, which, after it was passed through the rod, was bent around into a ring, and lapped by like the weld in a piece of iron. In the present case there was a different appliance. A bolt passed through the staff, and it should, according to the evidence, have been fixed in its place either by a nut or by a proper riveting. There was evidence from which the jury might find that the bolt at the time of the accident was in the same condition it was when the car left Norwood; that then there was no nut on the bolt, or any suitable riveting; that it was not then properly inspected, and, if it had been, the absence of the nut and the improper riveting would have been discovered. The duty of proper inspection there at Norwood was upon the defendant; and if, in that regard, the defendant was negligent, and the plaintiff's injury followed as the natural and proximate result, there would be a basis for liability. We are of the opinion that the *Bailey Case* was essentially different from the present, and that the question of the negligence of the defendant was in this case properly left to the jury. We are also of the opinion that the question of contributory negligence, as well as that of the validity of the plaintiff's release, was properly left to the jury. Judgment and order affirmed, with costs.

All concur.