WILLIAM D. BAILEY, Respondent, *v.* THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, Appellant.

*Damages for personal injuries — when a verdict is excessive — amount thereof reduced.*

Upon the trial of an action, brought to recover damages for personal injuries, it was shown that the plaintiff's leg was injured to an extent requiring its amputation about eight inches below the knee, and that his lip, right arm and leg above where it was amputated were cut (the lip so that two stitches were taken in it), and the leg from the place of amputation to his body, and that his knee joint was stiffened; that it was about three weeks before he could get around at all; that his leg healed in about four months, and that he suffered pain from this injury down to the time of the trial.

Before his injury the plaintiff received one dollar and sixty cents a day; on the trial he testified: "Am now a canvasser, and have been a little while. * * *

I have been canvassing, collecting and delivering all the while." It was not shown whether his new occupation was more or less remunerative than his former employment as a brakeman. The jury rendered a verdict in his favor for $16,000.

*Held,* that the verdict was excessive, and indicated that in rendering the same the jury must have been controlled by prejudice, passion or some other improper influence, and not by that cool, unprejudiced and unbiased judgment which should have governed its determination ;

That the judgment should be reversed and a new trial granted unless the plaintiff should stipulate to reduce the verdict to $9,000.

APPEAL by the defendant, The Rome, Watertown and Ogdensburg Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 11th day of January, 1894, upon the verdict of a jury rendered after a trial at the Oneida Circuit, and also from an order entered in said clerk's office on the 10th day of January, 1894, denying the defendant's motion for a new trial made upon the minutes.

*A. M. Beardsley,* for the appellant.

*Scripture & Backus,* for the respondent.

MARTIN, J.:

This is the fourth time this case has been before us. Upon the first appeal it was held by this court that the evidence was insufficient to justify the submission to the jury of the question of the defendant's negligence. When here upon the second appeal the doctrine of the former decision was adhered to, and it was also held that the trial court erred in admitting the opinion of witnesses as to the capacity of a brakeman to displace the brake rod when the pin was in, and whether the pin could have been lost out between Norwood and De Kalb. Upon a subsequent retrial of the case the plaintiff was nonsuited and a judgment was entered thereon, from which a third appeal was taken. Upon that appeal the judgment was affirmed by this court, and an appeal taken to the Court of Appeals. That court in considering the case held that the trial court erred in rejecting evidence as to defects in other cars of the train besides that which occasioned the plaintiff's injury, and was "unwilling to say * * * that there was no evidence from which a just inference might not be drawn by the jury that the

defective condition of the brake existed when the car left Norwood, and that there was a negligent failure to discover it at that point" (139 N. Y: 306), and held that under the proof, as it then stood, the question of the defendant's negligence was a question of fact, and should have been submitted to the jury. When we examine the evidence given on the last trial we find no such change in it as would justify us in holding differently upon that question.

We are also of the opinion that the question whether the plaintiff was free from contributory negligence was a question of fact for the jury, and that the Court of Appeals by its former decision impliedly so held, or no new trial would have been granted.

The appellant contends that a new trial should be granted on the ground that the verdict is against the weight of evidence. It might, perhaps, be assumed from our former decisions in this case that we have heretofore considered the plaintiff's evidence as insufficient to entitle him to recover, but, as the Court of Appeals has held otherwise, we not only feel bound by the decision of that court, but are of the opinion that after four trials of the case, in which three juries have found for the plaintiff, this litigation should end, and no new trial should be granted upon this ground.

This leads to the consideration of the appellant's claim that the damages are excessive. The jury awarded the plaintiff $16,000. The evidence discloses that the plaintiff's leg was injured to an extent requiring its amputation about eight inches below the knee; that his right arm, lip and leg above where it was amputated were cut, the lip so that two stitches were taken in it, and the leg from the place of amputation to his body; that it was about three weeks before he could get around any, and that the leg healed in about four months. The plaintiff testified that he suffered pain from this injury down to the time of the trial. It also appeared that his knee joint was stiffened. Before his injury the plaintiff received one dollar and sixty cents a day. On the trial he testified: "Am now a canvasser and have been a little while; * * * I have been canvassing, collecting and delivering all the while." Whether the employment in which he has been engaged since his injury is more or less remunerative than his employment as brakeman does not appear. It is, perhaps, to be presumed that if it had been less so, that fact would have been proved. But, be that as it may, we

are of the opinion that the damages awarded in this case are exces-
sive, and that the trial court erred in refusing to grant a new trial
on that ground.   It seems to us quite clear that the jury, in render-
ing this verdict, must·have been controlled by prejudice, passion or
some other improper influence, and not by that cool, unprejudiced
and unbiased judgment that should have governed its determination.
That it may have resulted from improper and inflammatory remarks
addressed to the jury by the counsel for the plaintiff may, perhaps,
be inferred from the charge of the court, as it will be seen that the
remarks of counsel were of such a character that the court felt con-
strained to express its regret that the counsel for the plaintiff should
have made improper remarks to the jury, and to charge it that it
should not be influenced by what he said.

On the two previous trials, where the plaintiff obtained a verdict,
the verdicts were respectively for $8,000 and $10,000.   If the plain-
tiff is permitted to hold this judgment, and recover the amount of
it, the annual interest upon it would be $960, while at the time of his
injury he was able to earn only·about $500 a year.   Thus the effect
of this judgment is to award to the plaintiff an income during his
life which is nearly double the amount he was able to earn, and still
leave the principal unexpended.   And this, too, although he is able
to labor, and, perhaps, earn as much as before the injury.   While
recognizing the fact that this was a question for the jury, and that
its verdict should not be disturbed unless there is reason. to believe
that the jury has been swayed or misled by improper influences, yet,
it seems to us so clear that this verdict was the result of such influ-
ences, instead of being the result of the calm and unprejudiced
judgment of twelve intelligent and fair-minded jurors, that we feel
it to be our duty to grant a new trial on the ground that the dam-
ages were excessive, unless the plaintiff will stipulate to reduce the
amount of the verdict to the sum of $9,000, which to us seems a
liberal award for his injuries.

Several cases have been cited by the respondent's counsel where
large verdicts have been sustained, but, as the facts in each case are
unlike those before us, but little aid can be derived from an exam-
ination of them.   In *Coppins* v. *N. Y. C. & H. R. R. R. Co.* (48
Hun, 292; affd., 122 N. Y. 557), where the verdict was for $15,000,
it was by this court reduced to $7,000, and the presiding justice, in

delivering the opinion in that case, examined many of the cases cited by the respondent, and fully stated the principle of the authorities governing this question, so that a detailed examination of cases or of the principles applicable to it, would seem to be unnecessary.

These considerations lead us to the conclusion that the judgment and order should be reversed on the ground that the damages are excessive, unless the plaintiff will stipulate to reduce the verdict to the sum of $9,000.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order reversed on the ground that the damages are excessive, and a new trial granted on payment of the costs of the trial by the appellant, unless the plaintiff shall stipulate to reduce the verdict for damages to the sum of $9,000, in which event the verdict and judgment as so modified are affirmed, without costs to either party.