AGNES E. ABEL, as Executrix, etc., Appellant, *v.* THE PRESI-
DENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUD-
SON CANAL COMPANY, Respondent.

The law imposes upon a railroad company the duty to its employes of dili-
gence and care, not only in furnishing proper and reasonably safe appli-
ances and machinery, and skillful and careful co-employes, but also of
making and promulgating rules, which, if faithfully observed, will give
reasonable protection to the employes.

A., plaintiff's testator, a car repairer in defendant's employ, was under one
of its cars, standing on a side track, engaged in making repairs. Another
car was carelessly backed against it by other employes, causing his death.
In an action to recover damages, it appeared that other railroad compa-
nies have adopted a rule, providing for the placing of a blue flag by day,
and blue light by night, upon a car under which repairmen were at
work, and prohibiting the coupling or moving of a car thus protected
until the signal is removed by the repairmen.   No similar rule, or rule
applicable to such a case, had been adopted by the defendant.   *Held*,
that the question of negligence on its part was one of fact for the jury,
and that a nonsuit was error.

Also *held*, it was immaterial that there was a custom among the repairmen
at the place where the accident happened, to place a red flag at each end
of cars which they were repairing, it not appearing that a rule to that
effect had been promulgated or obedience thereto required by defendant,
or that it was printed or generally known to the engineers engaged in
running trains.

(Argued November 22, 1886 ; decided December 7, 1886.)

APPEAL from judgment of the General Term of the Supreme
Court, in the third judicial department, in favor of defendant,
entered upon an order made December 2, 1885, which over-
ruled exceptions and directed judgment on an order dismissing
plaintiff's complaint on trial.

This was an action to recover damages for alleged negligence,
causing the death of Perry Abel, plaintiff's testator

The facts, so far as material, are stated in the opinion.

*N. C. Moak* for appellant.   The evidence created questions
of fact for the jury. (*Heidenger* v. *Heine*, 18 N. Y. Week.
Dig. 404; 31 Hun, 316; *Weber* v. *N. Y. Cent. R. R.*, 58 N.

Y. 451, 455; *Gottlieb* v. *N. Y., etc.,* 29 Hun, 637, 639; 100 id. 462; *Belton* v. *Baxter,* 58 N. Y. 411; *Powell* v. *Powell,* 71 id. 71, 73; *Sherwood* v. *Hauser,* 94 id. 626, 627; *Fitzpatrick* v. *N. Y., etc.,* 21 N.Y. Week. Dig. 169; 98 N. Y. 649; *Williams* v. *Syracuse, etc.,* 31 Hun, 392; *Trustees, etc.,* v. *Kirk,* 68 N. Y. 465; *Penn., etc.,* v. *Horst,* 2 East. Rep'r, 398; *Card* v. *Manhattan, etc.,* 22 Week. Dig. 321; 37 Hun, 644; *Seybolt* v. *N. Y., etc.,* 95 N. Y. 562, 568, 570; *N. Y., etc.,* v. *Gleason,* 78 id. 513.) Negligence is the failure to do what a person of ordinary prudence would have done, under the circumstances of the situation, or doing what such a person, under such circumstances would not have done. (*Railroad Co.* v. *Jones,* 95 U. S. 441; *Mowery* v. *Central City,* 66 Barb. 46; *Weber* v. *N. Y. Central,* 58 N. Y. 451, 455–6; *Fero* v. *Buffalo, etc.,* 22 id. 213; *Johnson* v. *Hudson River,* 20 id. 65; *Pantzar* v. *Tilley Foster Co.,* 99 id. 375.) Where there is explicit proof of one rule on the subject the law presumes there is no other. (*Oaksmith* v. *Johnson,* 92 U. S. 343, 346; *People* v. *Walden,* 51 Cal. 588; *Gillett* v. *Needham,* 37 Mich. 143, 147; *Gibson* v. *National, etc.,* 98 N. Y. 95.) Defendant was liable, because it failed to discharge the duty of making and promulgating a proper rule to protect its repairmen from injury by co-employes. (*Sheehan* v. *N. Y. C. R. R. Co.,* 91 N. Y. 332, 334–9; *Dana* v. *N. Y. C. R. R. Co.,* 92 id. 639, 640; *Slater* v *Jewett,* 85 id. 66–7, 73; *Campbell* v. *N. Y. Cent. R. R. Co.,* 35 Hun, 506, 507; 21 N. Y. Week. Dig. 245; 28 Daily Reg. 917; 91 N. Y. 332, 338–9; *Vose* v. *Lancashire,* 2 Hurlst. & Norm. 728; Shearm. & Redf. on Neg. [2d ed.] 118, note; *Darrigan* v. *N. Y., etc.,* 24 Am. Law Reg. [N. S.] 453; *Pantzar* v. *Tilley Foster Mining Co.,* 99 N. Y. 373; *Pyees* v. *N. Y., etc.,* 20 N. Y. Week. Dig. 394; 34 Hun, 632; *Ellis* v. *N. Y., etc.,* 95 N. Y. 546, 552; *Fuller* v. *Jewett,* 80 id. 46.) A railway company is bound to have a proper head charged with the duty of taking all proper precautions to protect its employes. (*Man* v. *Del. & Hud. C. Co.,* 91 N. Y. 495; Dredge's Hist. of Penn. R. R. 248; Kirkman's Railway Service, 109, 114; Huntington's Road Master's Asst. 125.) It

is the duty of the masters not only to establish proper rules, but to promulgate them to those who may be required to observe them.    (Kirkman's Railway Service, 253, 258; Huntington's Road Master's Asst. 187, 237, 242 ; Beach's Contributory Neg., § 141.)    Defendant was liable because it had not adopted a proper rule or regulation for notifying the repairmen of apprehended danger.    (*Campbell* v. *N. Y. Cent., etc.*, 35 Hun, 506; 21 N. Y. Week. Dig. 245; *Vose* v. *Lancashire, etc.*, 2 Hurlst. & Norm. 728; Shearm. & Redf. on Neg. [2d ed.] 118, note 4 ; *Pantzar* v. *Tilley, etc.*, 99 N. Y. 373.)    A railway company is bound to have a sufficient number of men to protect its workmen from injury, and whether it has or not is, with reasonable limits, a question for the jury.    (*Lubke* v. *Chicago*, 59 Wis. 127 ; 48 Am. Rep. 483 ; *Pyees* v. *N. Y., etc.*, 20 N. Y. Week. Dig. 394; 34 Hun, 632 ; *Flike* v. *B. & A.*, 58 id. 56.)    It was a question for the jury whether it was not the duty of the defendant to have provided and used a lock-switch at the junction of the cripple track and the main tracks.    (*Lubke* v. *Chicago, etc.*, 59 Wis. 127; 48 Am. Rep. 483.)    A railroad company owes the duty to its employes of keeping its premises on which the employes are at work in proper condition and in proper state of repair. (*Pantzar* v. *Tilley, etc.*, 99 N. Y. 372 ; *Williams* v. *Syracuse*, 31 Hun, 292; 20 N. Y. Weekly Dig. 188; *Campbell* v. *Syracuse*, id. 449; 34 Hun, 626 ; *Plank* v. *N. Y. Cent., etc.*, 60 N. Y. 607 ; *Durkin* v. *Sharp*, 88 id. 225 ; *Near* v. *Del. & Hud.*, 22 Hun, 557; 98 N. Y. 663; *Schwandner* v. *Birge*, 33 Hun, 186, 189 ; Huntington's Road Master's Asst. 235 ; Kirkman's Railway Service, 256 ; Dredge's Hist. of Penn. R. R. 249.)    It was a question of fact for the jury whether the defendant was not guilty of negligence in not having a switchman in charge of the switch, instead of requiring and allowing any one who pleased to use it, and to use it whenever and as he pleased.    (*Pantzar* v. *Tilley Foster, etc.*, 99 N. Y. 372.)    It was a question of fact for the jury whether defendant should not have provided, by rule, for a brakeman upon the rear car and that he should re-

main thereon ready at all times to discharge his duty instead of through a niggardly economy, in saving a coupler, requiring the rear brakeman to act as coupler also. (Kirkman's Railway Service, 206; Huntington's Road Master's Asst. 124.) It was a question of fact for the jury whether defendant was not guilty of negligence in allowing and not providing against the kicking in of cars detached from the engine. (Kirkman's Railway Service, 214.) Abel was not, as matter of law, chargeable with full notice of the danger he was exposed to, or with knowledge that the defendant had not in fact discharged its duty in adopting proper rules and taking proper precautions against his being injured. (*Pantzar* v. *Tilley Foster, etc.*, 99 N. Y. 372; *Russell* v. *Minneapolis, etc.*, 32 Minn. 234–6; *Schwandner* v. *Birge*, 33 Hun, 189.)

*L. B. Pike* for respondent. Plaintiff must show negligence and distinguish between master and servant, and show that it was the negligence of the master and not of the servant. (*Rose* v. *B. & A. R. R. Co.*, 58 N. Y. 217; *Malone* v. *Hathaway*, 64 id. 5; *Baulec* v. *N. Y. & N. H. R. R. Co.*, 59 id. 356.) Negligence on the part of the defendant, not contributing to the injury, avails the plaintiff nothing. (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562; *Rose* v. *B. & A. R. R. Co.*, 58 id. 217; *Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 88 id. 481.) The negligence, if any, consists in not giving in some form proper orders for the protection of Abel under the circumstances; and this must be proved — it is vital to the plaintiff's case — and if not proved, plaintiff should have been nonsuited. (*Rose* v. *B. & A. R. R. Co.*, 58 N. Y. 217.) It is not necessary the master should see to it personally that the orders are received. It was enough to promulgate the order through the proper person to receive, transmit and enforce it. (*Slater* v. *Jewett*, 85 N. Y. 61.) General rules could not be made in a case like this which would be applicable to the many repair tracks a railroad company is obliged to maintain, and it is inevitable that the management of each yard must be left to the men to manage for themselves. (*Besel* v. *N.*

*Y. C. & H. R. R. Co.*, 70 N. Y. 171.)   As the provisions for protection appear to have been ample, and because this accident may have developed a means of more certain protection, it does not charge a neglect upon defendant in not adopting it before.   (*Cleveland* v. *N. J. S. Co.*, 68 N. Y. 306; *Carpenter* v. *B. & A. R. R. Co.*, 24 Hun, 104–108; *Loftus* v. *Union Ferry Co.*, 84 N. Y. 455–460.)   The defendant is not liable to a servant for the neglect of a co-employe in carrying out the detail of its rules or order, or in performing his duties, provided defendant has not employed unskilled and incompetent servants or failed to furnish proper appliances.   The servant contracts to take the risk of the negligence of his co-employe and cannot charge the master with the consequence of his neglect.   (*Harvey* v. *N. Y. C. & H. R. R. R. Co.*, 88 N. Y. 481; *McCosker* v. *L. I. R. R. Co.*, 84 id. 77; *Besel* v. *N. Y. C. & H. R. R. R. Co.*, 70 id. 171; *Sammen* v. *N. Y. C. & H. R. R. R. Co.*, 62 id. 251; *Laning* v. *N. Y. C. & H. R. R. R. Co.*, 49 id. 521.)   Abel took the employment with all its surroundings, and with it took the risks.   (*Powers* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 274; *DeForrest* v. *Jewett*, 88 id. 264; *Murphy* v. *B. & A. R. R. Co.*, id. 146.)   The defendant was not required to furnish a watchman, and as to whether it was negligence to omit furnishing one was not a question to be submitted to a jury for them to speculate on. (*Houghkirk* v. *D. & H. C. Co.*, 92 N. Y. 219.)

*Per Curiam.*   The plaintiff's testator was a car repairer in the employ of the defendant, and while under one of its cars standing upon a side track engaged in making repairs, its employes, using an engine, carelessly backed a car against it, and thus he came to his death.

The principal claim on the part of the plaintiff is that the evidence tended to show that the defendant had not made and promulgated proper rules for the government of its employes, and hence that its negligence in that respect should have been submitted to the jury.

The law imposes upon a railroad company the duty to its

employes of diligence and care, not only to furnish proper and reasonably safe appliances and machinery and skilled and careful co-employes, but also to make and promulgate rules which, if faithfully observed, will give reasonable protection to the employes. (*Slater* v. *Jewett*, 85 N. Y. 61; *Besel* v. *N. Y. C. & H. R. R. R. Co.*, 70 id. 171; *Sheehan* v. *Same*, 91 id. 339; *Dana* v. *Same*, 92 id. 639.)

It appears that the managers of some railroads in this country have adopted a rule substantially like this: "A blue flag by day and blue light by night, placed in the draw-head or on the platform or step of a car at the end of a train, or car standing on a main track or siding, denotes that car repairmen are at work underneath. The car or train thus protected must not be coupled or moved until the blue signal is removed by the repairmen." This is certainly a very efficient rule, and if faithfully and carefully observed would give reasonable protection to repairmen.

The plaintiff contends that it was, under the circumstances of this case, a question for the jury to determine whether the defendant, for the protection of its repairmen engaged in a peculiarly hazardous work, should not have promulgated such a rule or one substantially as efficient. The only rule the defendant had made bearing upon this case was as follows: "A red flag by day and a red lantern by night, or any signal violently given, are signals of danger, on perceiving which the train must be brought to a full stop as soon as possible, and not proceed until it can be done with safety."

This rule seems from its phraseology to have been mainly if not exclusively intended for the government of moving trains, and was not very well adapted for the protection of men under stationary cars, upon side tracks, engaged in making repairs. There was no rule prohibiting the removal of the signal, and the signal was not intended exclusively for the protection of such men, nor did it give notice that human life was in danger.

It matters not that there was a custom or rule among the repairmen in the employ of the defendant at Mechanicville that they should place a red flag at each end of the cars which they

were repairing. It does not appear that that rule was regularly promulgated by the defendant, or that obedience to it was required by the defendant; nor does it appear that it was printed or generally known to the engineers engaged in running trains.

It appears that it was a common and frequent occurrence for engines and cars to be switched upon the side tracks at Mechanicville without any check or hindrance from any one having control of the tracks at that place, and thus the repairmen engaged under and about cars seem to have been exposed to constant peril.

We do not perceive how it was possible to say, as matter of law, that the rules of the defendant were proper and sufficient for the protection of its repairmen, and that it should not have taken greater precautions by rules or otherwise for their safety.

We think the facts should have been submitted to the jury and that the nonsuit was improper.

The judgment should be reversed and a new trial ordered, costs to abide event.

All concur, except EARL, J., not voting, and MILLER, J., taking no part.

Judgment reversed.