ELLEN KELLY, Respondent, v. THE NEW YORK AND SEA BEACH RAILWAY COMPANY, Appellant.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, the following facts appeared: Plaintiff, in alighting from one of defendant's cars, was thrown to the ground and injured, her clothing having caught on a curtain hook. The car was an open one, with side curtains, which, when let down, were fastened together by a ring on one side and a hook with a spring upon the other. When the spring was in place it formed, with the hook, a loop. On the day of the accident the spring in one of these hooks was broken, and it was upon this broken hook that plaintiff's clothing caught. There was no proof showing how or when the spring was broken, or how long it had been broken. Defendant proved that all the Coney Island cars were

furnished with the same kind of curtains and hooks; that there was no better way known of fastening the curtains; that its road had been operated for several years, and had carried more than a million of passengers yearly, and such an accident had never before occurred; that the springs in the hooks would sometimes break by use; that, at the end of each trip, the cars were inspected by persons assigned to that duty and the curtains examined, and if a broken hook was discovered it was replaced by a perfect one. *Held* (DANFORTH, J., dissenting), that the evidence failed to establish a case entitling plaintiff to a recovery, and a refusal to dismiss the complaint was error.

(Argued March 2, 1888; decided March 20, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 10, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict and an order denying a motion for a new trial. (*Mem.* of decision below, 39 Hun, 486.)

The nature of the action and the material facts are stated in the opinion.

*Henry H. Man* for appellant. Experience in carrying millions of passengers having proved the safety of the device and the efficiency of the method of inspection adopted by the defendant, it was justified in relying upon the safety, both of the device and of the method of guarding against defects therein. (*Lafflin* v. *Buffalo & S. W. R. R. Co.*, 106 N. Y. 136; *Dougan* v. *C. T. Co.*, 56 id. 1; *Loftus* v. *U. F. Co.*, 84 id. 455; *Burke* v. *Witherbee*, 98 id. 562; *C·eveland* v. *N. J. S. B. Co.*, 68 id. 306; *Crocheron* v. *N. S. S. I. F. Co.*, 56 id. 656.) The law does not require carriers of passengers to use apparatus that cannot be broken. (*Lafflin* v. *B. & S. W. R. R. Co.*, 106 N. Y. 136, 141.) The defendant is not liable if the injury to the hook occurred by the intervention of some passenger. (*Cleveland* v. *N. J. S. B. Co.*, 68 N. Y. 306, 310.)

*Charles J. Patterson* for respondent. Where an injury to a passenger occurs through the broken condition of the carrier's vehicle, the latter is liable in the absence of contributory negligence. (*Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 534;

*Hegeman* v. *Western R. R. Co.*, 13 id. 1; *Poulin* v. *R. R. Co.*, 34 Supr. Ct., 296; 61 N. Y. 621.) Plaintiff was not guilty of contributory negligence. (*Buel* v. *Cent. R. R. Co.*, 31 N. Y. 314.)

Earl, J. On Sunday August 24, 1884, the plaintiff entered one of the defendants cars to return from Coney Island to the city of New York, and as she was getting out of the car, at the end of her journey, her clothing caught in a hook and she was thrown to the ground and sustained a fracture of her arm. She subsequently brought this action and recovered a verdict of $1,000. The defendant assails the recovery, claiming that there was no evidence of culpable negligence on its part causing the accident. The car was an open one for summer use, and, on the side, curtains dropped down between stanchions to shut out the wind and rain. The two inner edges of the curtains, as they hung down, came together and were fastened, when it was desired to keep them together, by a ring upon one side and a hook with a spring upon the other called in the evidence a snap-hook. When the spring was in place the hook and spring formed a loop or ring. On the day of the accident the spring in one of the hooks upon one of the curtains of the car was broken, and it was into the point of this broken hook that the plaintiff's clothing caught as she was leaving the car.

The only proof of negligence given by the plaintiff was that the spring of the hook was broken and that the point of the hook was thus exposed. There was no proof showing how or when the spring was broken, nor how long it had been broken, nor was there any proof that by any degree of diligence or care incumbent upon the defendant it could have known of its defective condition. The hooks broke in no other way than by use, and, for aught that appears, this hook may have been broken by some person after the car started upon that trip. The defendant gave evidence showing that all the Coney Island cars were furnished with the same kind of curtains and hooks, and that there was no better way known of fastening

the curtains; that its road had been operated for several years and carried more than a million of passengers every year, and that such an accident had never before occurred; that the springs in the hooks would sometimes break by use; that at the end of every trip the cars were inspected by persons assigned to that duty, and the curtains examined, and if a broken hook was discovered it was taken off and replaced by a perfect one.

It is difficult to perceive what more the defendant could have done or was bound to do. A defective broken hook was not of such a dangerous character as to require the very highest degree of diligence to discover and remove it. It was not more dangerous in this car than it would have been elsewhere where people were passing. No prudent man would have anticipated such an accident as this or apprehended such an injury from a broken hook.

Upon all the evidence, therefore, we are of opinion that the trial judge should have held, as matter of law, that the plaintiff had failed to establish a case entitling her to a recovery.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur except Danforth, J. dissenting.

Judgment reversed.