### BERRIGAN v. NEW YORK, L. E. & W. R. Co.

#### (*Supreme Court, General Term, Fifth Department.* March, 1891.)

**1. MASTER AND SERVANT—RULES FOR SAFETY OF SERVANT.**

While plaintiff's intestate was engaged at night in coupling cars on the west end of defendant's railroad siding in order to make up a train on which he was a brakeman, an engine which came upon the siding from the east end to draw out some cars standing on that end, for the purpose of making up another train, ran against the cars so violently as to drive them against the cars then being coupled by decedent, causing the injuries complained of. No signals were displayed indicating that a train was being made up at the west end of the siding, nor was there any rule requiring such signals to be displayed. *Held,* that the question whether defendant was negligent in not establishing such rules was properly submitted to the jury.

**2. SAME—CONTRIBUTORY NEGLIGENCE OF SERVANT.**

It appeared in such case that when deceased was about to make a coupling he discovered that the coupling-link was missing, and that the bumpers of the two cars were in contact with each other. He then separated the two cars by means of a lever, and, having procured a link, went between the cars, and was endeavoring to insert it, when the cars collided, causing the injuries complained of. *Held,* that the evidence was sufficient to support a finding that decedent was not guilty of contributory negligence in not using a coupling-stick, by means of which cars could be coupled without going between them, as required by defendant's rules, since a coupling-link could not be inserted by means of such stick, which could be used only to raise or lower the free end of the link when it was in position.

Appeal from circuit court, Livingston county.

Action by John J. Berrigan, as administrator, etc., against the New York, Lake Erie & Western Railroad Company. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial on a case and exceptions, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

J. W. Stevens, Jr., for appellant. E. A. Nash, for respondent.

DWIGHT, P. J. The action was for the loss of life of the plaintiff's intestate, occasioned, as alleged, by the failure of the defendant to establish certain reasonable and necessary rules for the government of its servants. The deceased, Edward Berrigan, was in the employ of the defendant as rear brakeman on a way freight train, which was made up at Corning, and ran to Rochester. The train was made up on siding No. 2 in the Corning yard, at an early hour in the morning, which, at the season when the accident occurred, was before daylight. On that morning several cars belonging to the "Rochester way freight," including the caboose, were standing, without an engine, on the west end of siding No. 2, and two or three cars, which were to be attached to an east-bound freight train, stood on the same siding, further east. At this time it became the duty of the deceased to couple the caboose of his train to the car which preceded it, and it was while he was in the performance of that duty that he received the injury which resulted in his death. An engine which was engaged in making up the other train came on to the siding at the east end to draw out the cars which stood east of the caboose, but was run against them with such force as to drive them back against the

caboose, and the latter against the car with which it was to be coupled, and the deceased was crushed between the two. There was no signal displayed nor other means adopted to warn the men in charge of the engine on the east end of the siding that a train was being made up on the west end, and that men were likely to be engaged in coupling the cars of the latter; and there was no rule requiring that such signal should be displayed, or warning given. The failure to provide such a rule is the specific negligence charged againt the defendant in this action, and the precise question upon this branch of the case is whether a reasonable regard for the safety of its employes required the adoption of such a rule. *Abel* v. *Canal Co.*, 103 N. Y. 581, 9 N. E. Rep. 325, and cases cited. We think that question was properly submitted to the jury. It was certainly a hazard to which men engaged in making up a train in the night-time would not or should not ordinarily be exposed, viz., that of having other cars moved on the same siding in such a way as to be liable to be thrown with violence against the rear of those with which they are engaged. We think it was for the jury to say whether a rule prohibiting such use of a siding, or providing for some signal or warning when such use is made of it, was anything more than a reasonable precaution for the safety of the men employed.

The rules of the defendant were introduced in evidence and are before us. There is no rule which covers or refers to the situation in question. The rule most nearly analagous to that suggested is one which prescribes the exibition of a red light by night or a red flag by day upon a crippled or disabled car, to indicate that it is not to be moved or collided with. One reason given for this rule is that men engaged in repairing such a car may be under or about it in such a position as to be helpless to save themselves if the car were moved. We think the analogy is close enough to suggest the propriety of a similar rule for the case in hand. Indeed, the cases are so far similar that counsel for the defendant are disposed to argue that the deceased was negligent of his own safety in not applying the existing rule to the actual case, and protecting himself by displaying a red light on the end of his caboose. But it is very clear that he was not at liberty, even if he had been aware of the danger which threatened him, to make such use of the signal mentioned. The rule is specific, and confines itself to the case of a disabled car set aside for repairs.

Another ground for the charge of contributory negligence was more nearly tenable. A rule of the defendant requires brakemen to supply themselves with coupling sticks, and to use them in all cases of single coupling, viz., by link and pin. The office of that implement seems to be, in effect, to add to the length of the brakeman's arm, and enable him to reach the coupling from a standing place along-side the car, and raise or lower the free end of the link, so that it may enter the draw-head, and to cause the pin to drop into its place, without going between the cars as they approach each other. In this case the evidence shows that the deceased did not have a coupling-stick with him, although there were some in the caboose. And the court charged the jury, in effect, that if the accident resulted from the attempt to make the coupling without the use of the stick, there could be no recovery in the action. We think the evidence on this branch of the case justified the submission of that question to the jury. There was evidence tending to show that when the deceased set about making the coupling he discovered that the link was missing, and that the two draw-heads, or bumpers, of the two cars were in contact with each other; that this made it necessary to separate the cars far enough to insert a link; that, there being no engine attached, he proceeded by means of a "pinch-bar," or lever, applied to the wheels of the caboose, to move that car back the requisite distance, and, having procured a link, went between the two cars to insert it into one of the bumpers; that this could have been done in no other way; that the stick would have been of no use for that purpose; and that it was while he was necessarily between the cars to

put the link in place that the collision occured, and the injury was received. The evidence was such as fully to warrant a finding of these facts, and, being found, they clearly negative the last-mentioned theory of negligence on the part of the deceased. We think that both the questions of negligence—on the part of the defendant and on the part of the deceased—were properly submitted to the jury, and that the verdict must be conclusive on both. We find no other question in the case which seems to require discussion, and are of opinion that the judgment and order appealed from should be affirmed.

All concur.