ELLA LAROW, AS ADMINISTRATRIX OF GEORGE W. LAROW, DECEASED, RESPONDENT, v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Negligence — switching cars on a railroad — right of the jury to decide whether a railroad company should have adopted a specific rule.*

A brakeman was engaged in trying to couple cars on a switch, when an engine upon one end of such switch drove back some other cars which struck the cars which the brakeman was coupling, in consequence of which the brakeman was killed. Certain rules for the government of the freight-yard had been made by the railroad corporation, but none of them were applicable to such a case.

The court in its charge left to the jury the question whether it was reasonable to require the railroad company to promulgate a rule forbidding entrance on a

switch when another engine and train, or engine and cars, were upon it, unless a signal were given or notice sent to the employees of that train; and further said that if the jury found such a rule to be reasonable they might find the railroad corporation negligent.

*Held,* that as it did not appear that such a rule was in force upon other railroads; and as it was not shown what the practical effect of such a rule, had it existed, would have been, it was error to permit the jury to decide whether such a specific rule should have been promulgated.

That the question in such a case is not whether a specific rule should have been provided, but whether, in view of its existence or its non-existence, the train was moved with prudence or with negligence.

APPEAL by the defendant, the New York, Lake Erie and Western Railroad Company, from a judgment, entered in the office of the clerk of the county of Chemung on the 23d day of January, 1888, in favor of the plaintiff, after a trial at the Chemung Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $5,000 ; and also from an order, entered in said clerk's office on the 13th day of November, 1888, denying the defendant's motion for a new trial upon the minutes of the justice.

*E. F. Babcock,* for the appellant.

*Jacob Schwartz,* for the respondent.

MERWIN, J. :

In this action it is claimed by the plaintiff that, on the 16th of March, 1887, her husband, George W. Larow, was killed by reason of the negligence of defendant, at its freight-yard at Hornellsville, without any negligence on his part contributing to the result. Larow was a brakeman in the employ of defendant, and had been since November 9, 1886. Upon the afternoon of the day in question, Larow was one of the crew of a freight train that was being made up in-the yard. For the purpose of taking out freight cars for the train, the engine had entered upon switch track No. 5, and coupled on to twelve cars. and was going in for five more that were standing on that track. Larow was a middle-man, and in the course of his duty was sent to do the coupling of the five cars. For this purpose, the engine backed up the cars already coupled toward the five cars, Larow running alongside on foot. He gave a signal to stop, but the moving cars struck the stationary ones, Larow being on the outside, and the coupling was not made.

Larow signalled the engineer to go ahead, which he did, leaving a space of about thirty feet between the end of the twelve cars and the five. Into this space Larow was seen to go and was not again seen alive. After about three minutes, as one of plaintiff's witnesses testifies, or about four minutes, as another of plaintiff's witnesses testifies, the switch engine from the other end of the yard pushed down some cars, striking the five above referred to and pushed them on to the twelve, and then pushed the whole train ahead twelve or fifteen car lengths. No signal was given of the approach of the switch engine. Shortly after this another brakeman, of the train being made up, discovered that the twelve and the five were not coupled together, and upon examination discovered that the coupling link at the end of the last of the twelve cars was driven in tight into the draw-head. A temporary coupling was made and the five cars drawn out. Larow was then discovered on the track dead. Apparently, he had been hit between the cars, as the five upon being pushed down by the switch engine collided with the twelve.

Upon the trial the only ground of negligence claimed by plaintiff was that the defendant had failed to make and promulgate rules for the reasonable protection of its employees in the Hornellsville yards.

The court, in its charge, among other things, left it to the jury to determine whether it was reasonable "to require the railroad company to promulgate a rule forbidding entrance on a switch when another engine and train is upon it, or another engine and cars are upon it, unless a signal is given, or notice sent to the employees of that train," and if they found such a rule to be reasonable, they might find the company negligent. This is claimed to be error. Exception was properly taken. There are cases that hold it error to submit to a jury the question whether a railroad company ought to have left a flag-man at a particular point. (*Houghkirk* v. *President, etc., D. and H. C. Co.*, 92 N. Y., 220; *McGrath* v. *N. Y. C. and H. R. R. Co.*, 63 id., 528; *Grippen* v. *N. Y. Central R. R. Co.*, 40 id., 41.) The query is whether this principle does not apply to the present question.

The defendant had adopted certain rules as to the management of its freight-yard, but had adopted none covering the specific subject or condition that existed here. It was not shown that any

other company had adopted such a rule, and what its practical working might be was a matter of speculation. There was no evidence to instruct the jury on that question.

In *Abel* v. *President, etc., Delaware and Hudson Canal Company* (103 N. Y., 581), the plaintiff's testator, a car repairer in the employ of defendant, was under one of its cars standing on a side track engaged in making repairs. Another car was carelessly backed against it by other employees, causing his death. It appeared that other railroad companies had adopted a rule efficient for protection to a car repairer in such a case, and that no similar rule applicable to such a case had been adopted by defendant. A nonsuit was granted. This was held to be error, the court saying that the facts should have been submitted to the jury; that it could not be said, as matter of law, that the rules of defendant were proper and sufficient for the protection of its repairmen, and that it should not have taken greater precautions, by rules or otherwise, for their safety.

In *Ford* v. *The Lake Shore and Michigan Southern Railroad Company* (36 N. Y. St. Rep., 494; 124 N. Y., 493), the husband of the plaintiff was a switchman in defendant's employ, and was injured by timbers falling from a passing car. Defendant's only rule as to the loading of lumber required its employees " to attend to the loading of all freight, whether loaded by station men or by shippers, to see that it is safely stored and so that it cannot fall off the cars." It was shown that on other roads a verbal rule existed specifically for the security of lumber loaded on cars. The jury by special finding found that the defendant did not provide a proper and sufficient rule with respect to the loading of lumber. There was no other ground for negligence against the defendant. A judgment for plaintiff was sustained.

It may be that the principle of the Abel and Ford cases would call for the submission to the jury of the question whether the defendant, in the making and promulgation of rules for the management of cars in its yard, exercised reasonable care. This, however, would not authorize the submission of the question whether some specific rule should have been adopted. The same objection would apply as in the flag-man cases above referred to. In the Houghkirk case it is said : " The question never is whether there should have been a flagman, or one ought to have been stationed at the crossing,

but whether, in view of his presence or absence, the train was moved with prudence or negligence." In view of the rule in those cases, the charge here was erroneous. Upon this ground there must be a reversal.

HARDIN, P. J., concurred.

MARTIN, J.:

While the doctrine of the case of *Berrigan* v. *New York, Lake Erie and Western Railroad Company* (37 N. Y. St. Rep., 414) seems to be somewhat adverse to the conclusion reached by us in this case, still, I think our conclusion correct.

The only negligence claimed was, that the defendant omitted to make and promulgate a rule to the effect that an engine should not enter upon a siding upon which there was another engine and cars without giving a signal or sending notice to the employees of that train. The court submitted to the jury the question whether such a rule was reasonable, and instructed it that if it found that it was reasonable, fair and just, it might find that the defendant had omitted a reasonable rule, and was, therefore, negligent, unless the rules already established by the defendant substantially provided for such a case. The court well remarked that there was no evidence in the case that any other company had promulgated any such rule, and none to show whether such a rule could be practically followed in doing the work to be performed in the defendant's yard where the accident occurred. The court then added: "You must use your best judgment, and, we assume, it is better than mine, hence, I have left it to you as a question of fact."

The effect of this instruction was to submit to the jury the question whether a certain rule should have been made and promulgated by the defendant without any proof whatever as to its practicability, or that any similar rule had ever been adopted or followed by any other railroad company in the management of the engines and cars in its yards. In other words, the plaintiff was permitted to suggest a rule for the management of the business of railroads, which, so far as appears from the evidence, was not shown to be either in use or practicable, and the court then submitted the question of its propriety to the jury, that it might, by guess or speculation, determine whether such a rule was proper, and, if so, might

find that the defendant was negligent in not having adopted and promulgated it.

It has been held that it is the duty of a railroad company to make and promulgate rules which, if faithfully observed, will give reasonable protection to its employees. (*Abel* v. *President, etc., D and H. C. Co*, 103 N. Y., 581.) This rule should not, I think, be extended so as to enable a jury to say what rules should be adopted and promulgated by a railroad company for the protection of its employees, without any evidence as to their propriety or practicability.

If the principle involved in this case is to be upheld, it would seem to follow that in every case of an injury to an employee ingenious counsel would be able to invent some rule and claim that it should have been adopted and promulgated by the company, and thus present a question as to the defendant's negligence. The effect of such a rule, when taken in connection with the uniform tendency of juries to find against railroad companies, would be practically to make such companies insurers of their employees. I am of the opinion that before a railroad company can be found guilty of negligence in not making and promulgating any certain rule, it must at least be shown that the rule is practicable, proper, and, if observed, would give reasonable protection to its employees.

I think the court erred in denying the defendant's motion for a nonsuit, and in submitting the question of negligence to the jury, and that, for such error, the judgment and order should be reversed. Hence I concur in the result reached by MERWIN, J., in his opinion in this case.

Judgment and order reversed upon the exceptions, and a new trial ordered, with costs to abide the event.