LOREN DOING, as Administrator, etc., of ROBERT P. HARE, Deceased, Appellant, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Respondent.

*Negligence — limitations of the duty of an employer to his employees — defect in implements furnished — promulgation of rules.*

An employer does not undertake with his employees for the absolute sufficiency or safety of the implements and facilities furnished for their work, but only for the exercise of reasonable care ; and when injury to an employee results from a defect in the implements, knowledge of the defect must be brought home to the employer, or proof given that he omitted the exercise of proper care to discover it.

In an action brought to recover damages for injuries caused to the plaintiff's intestate, it was claimed that the defendant, a railroad company, was negligent in not making and promulgating proper and necessary rules for the government of its employees in managing and shifting cars in its yard.

Upon the trial no evidence was given that any rules were in use by other corporations engaged in business of a similar character, nor by experts or other witnesses to show that any rule was necessary or practicable in such a case, nor

was the evidence such as to make the necessity and propriety of making and promulgating the rule contended for so obvious as to make the question one of common experience and knowledge.

*Held,* that even if the evidence had been sufficient to sustain a finding that no such rule had been made and promulgated, it was not sufficient to justify the court in submitting the question of the defendant's negligence to the jury upon that ground.

APPEAL by the plaintiff, Loren Doing, as administrator, etc., of Robert P. Hare, deceased, from a judgment of the Supreme Court in favor of the defendant, rendered at the Chenango County Circuit and entered in the office of the clerk of the county of Chenango on the 16th day of September, 1892, dismissing the plaintiff's complaint upon the merits.

*W. F. Jenks* and *George W. Ray,* for the appellant.

*Howard D. Newton,* for the respondent.

MARTIN, J.:

This action was for negligence. The plaintiff's intestate was in the employ of the defendant as a car repairer. On March 3, 1890, he was engaged in his work underneath a car that was blocked up for repairs inside of the defendant's repair shop in the village of Norwich. The shop was about 200 feet long and fifty feet wide. There were three doors in the south end and no window. Three tracks were laid into this shop from the south, which connected with a track running to and connecting with the main tracks in the defendant's yard. That day, while attempting to place a car, partially loaded, opposite a pile of scrap iron by the side of one of the tracks leading into the shop, other employees of the defendant drew the car by an engine to a switch about 800 feet from the shop, and then "shunted" or "kicked" the car onto the track from that point. It passed over the distance between the switch and shop and ran through the doors, which were closed, into the shop and fatally injured the plaintiff's intestate.

The plaintiff claims that the defendant was negligent: (1) In not furnishing his intestate a safe place in which to do his work; (2) in not making and promulgating proper and necessary rules for the government of its employees while managing and shifting cars in

its yard; (3) in not keeping the brake upon the car which caused the injury in proper repair.

A careful examination of the evidence fails to disclose any proof which even tended to show that the place where the intestate was engaged in his work was not a safe and proper place for the work in which he was engaged. Hence, the court could not have properly submitted that question to the jury.

The next question is whether the defendant was guilty of negligence in not making or promulgating proper and necessary rules for the government of its employees when managing and shifting cars in its yard. We think the evidence failed to establish the fact that no such rule was made and promulgated. It was quite to the contrary, and insufficient to justify the jury in so finding.

But if the evidence had been sufficient to sustain such a finding, we should still be of the opinion that it was insufficient to justify the court in submitting the question of the defendant's negligence to the jury on that ground. In this case no evidence was given that any rule was in use by other corporations engaged in business of a similar character, or by experts or other witnesses to show that any rule was necessary or practicable in such a case. Nor was the evidence such as to make the necessity and propriety of making and promulgating the rule contended for so obvious as to make the question one of common experience and knowledge.

In *Berrigan* v. *N. Y., L. E. & W. R. R. Co.* (131 N. Y. 582), in discussing a similar question, it was said: "The defendant was only bound to use ordinary care in formulating rules, and it is not reasonable to proceed upon the assumption that every injury to an employee can be guarded against and prevented by making such rules. It was the duty of the defendant to anticipate and guard against, by rules or otherwise, only such accidents and casualties as might reasonably be foreseen by the managers of the corporation exercising ordinary prudence and care. * * * In the absence of some proof on the part of the plaintiff that such a rule was in operation by other roads, or of persons possessing peculiar skill and experience in the management and operation of railroads to the effect that such a rule was necessary or practicable under the circumstances, or unless the necessity and propriety of making and promulgating such a rule was so obvious as to make the question

one of common experience and knowledge, the court is not warranted in submitting such a question to the jury." (See, also, *Morgan* v. *Hudson River Ore & Iron Co.*, 133 N. Y. 666; *Larow* v. *N. Y., L. E. & W. R. R. Co.*, 61 Hun, 11.)

Was the evidence such as to require the court to submit the question of the defendant's negligence to the jury on the ground that the brake upon the car was out of repair? The evidence bearing upon that question was very slight, but perhaps sufficient to have justified the court in submitting the question to the jury if there was any proof that it had been out of repair a sufficient length of time to justify the jury in finding that the defendant knew of its condition, or was negligent in not ascertaining it. An employer does not undertake, absolutely, with his employees for the sufficiency or safety of the implements and facilities furnished for their work, but only for the exercise of reasonable care; and when injury to an employee results from a defect in the implements, knowledge of the defect must be brought home to the employer, or proof given that he omitted the exercise of proper care to discover it. (*Devlin* v. *Smith*, 89 N. Y. 470; *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 562; *Chapman* v. *Erie Railway Co.*, 55 id. 579; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 id. 356; *Edwards* v. *N. Y. & H. R. R. Co.*, 98 id. 245; *Kelly* v. *New York & Sea Beach R. Co.*, 109 id 44.) We think the evidence was insufficient to justify the court in submitting to the jury the question of the defendant's actual or constructive knowledge of the defect in the brake. It is manifest, we think, that the injury to the plaintiff's intestate was caused by the negligence of his co-employees, and that the court properly nonsuited the plaintiff.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.