ELIAS WARN, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

80 71
85 98
80 71
92 93

*Master and servant — duty of an employer to make proper rules — conduct of his business — qualification of the rule that a servant takes the risk of the employment.*

The law imposes upon a railroad company the duty to its employees of diligence and care not only in furnishing proper and reasonably safe appliances and machinery and skillful and careful co-employees, but also of making and promulgating rules, which, if faithfully observed, will give reasonable protection to the employees, and it is also required to exercise such a supervision over its servants and the prosecution of its business, as to justify the belief that the business is being conducted in pursuance of such rules.

A corporation in making rules for the government of its employees is bound to use ordinary care, and to anticipate and guard against such accidents and casualties as may be reasonably foreseen by its managers exercising such ordinary care.

The rule that a servant takes the risk of the business is subject to the qualification that the master must exercise reasonable care to guard the servant, while engaged in his duties, from unnecessary hazards, including hazards from the negligence of co-employees, and the negligence of one servant does not excuse the master from liability to a co-servant for an injury which would not have happened had the master performed his duty.

APPEAL by the plaintiff, Elias Warn, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 10th day of November, 1893, upon the dismissal of the complaint directed by the court after a trial at the Onondaga Circuit before the court and a jury.

*Louis Marshall*, for the appellant.

*Hiscock, Doheny & Hiscock*, for the respondent.

PER CURIAM:

We are of the opinion that the facts in this case should have been submitted to the jury, and that the nonsuit was improper. The law imposes upon a railroad company the duty to its employees of diligence and care, not only in furnishing proper and reasonably safe appliances and machinery and skillful and careful co-employees, but also of making and promulgating rules, which, if faithfully observed, will give reasonable protection to the employees. (*Abel* v. *President, etc., D. & H. C. Co.*, 103 N. Y. 581.) It is also required to

exercise such a supervision over its servants and the prosecution of its business as to have reason to believe that it is being conducted in pursuance of such rules. (*Whittaker* v. *D. & H. C. Co.*, 126 N. Y. 549.)

If defendant's rule No. 36 was intended to apply to a train like the one in the inspection of which the plaintiff was injured, it became a question of fact whether the defendant was guilty of negligence in regard to its proper promulgation and enforcement. If that rule was not intended to apply to such a train, then it became a question of fact whether the defendant had performed the measure of its duty within the rule laid down in the *Abel* case. The defendant, in making rules for the government of its employees, is bound to use ordinary care and to anticipate and guard against such accidents and casualties as may reasonably be foreseen by its managers exercising such ordinary care. (*Berrigan* v. *N. Y., L. E. & W. R. R. Co.*, 131 N. Y. 582.)

Nor should it be said, as matter of law, that under the facts of the present case the plaintiff assumed the risk as incident to the business. In *Abel* v. *D. & H. C. Co.* (128 N. Y. 664) it is said that the rule that the servant takes the risk of the business is subject to the qualification that the master must exercise reasonable care to guard the servant while engaged in his duties from unnecessary hazards, including hazards from negligence of co-employees. (See, also, *McGovern* v. *C. V. R. Co.*, 123 N. Y. 280.) Negligence of a servant does not excuse the master from liability to a co-servant for an injury which would not have happened had the master performed its duty. (*Coppins* v. *N. Y. C. & H. R. R. R. Co.*, 122 N. Y. 557.)

The question of contributory negligence was for the jury.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment reversed and new trial ordered, costs to abide the event.