ANDREW D. ELY, Appellant, *v.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Duty of a master to furnish suitable appliances — extent of the obligation of a railroad company to promulgate rules.*

A master owes to his servant the duty of furnishing reasonably safe appliances and machinery, a reasonably suitable and safe place in which to perform his work, and the exercise of reasonable care in the selection of his co-employees.

The law imposes upon a railroad company the duty of making and promulgating rules which, if faithfully observed, will give reasonable protection to its employees. This rule, however, is a reasonable one, and does not impose upon a railroad company the duty of making a specific rule for every particular act that is to be performed by its employees. The failure to adopt a particular rule is not evidence of negligence, unless it appears that the master, in the exercise of reasonable care, should have foreseen and anticipated the necessity therefor.

APPEAL by the plaintiff, Andrew D. Ely, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Madison on the 17th day of October, 1894, dismissing the plaintiff's complaint upon the merits, and also from an order denying the plaintiff's motion for a new trial made upon the minutes. On the trial the plaintiff was nonsuited.

The action was for personal injuries alleged to have beeen caused by the defendant's negligence.

The plaintiff was an employee of the defendant, and had been in its employ four or five days previous to the accident. At the time of the accident the plaintiff was engaged with twenty-three other men in picking up and loading on to a flat or platform car old rails that had been replaced by new ones. These men were divided into two gangs of twelve each, one on each side of the car. The rails were taken by each gang and thrown on to the car. The car had loops at the sides for six stakes, but none were used during the time of the loading, although there were stakes for the use of the platform cars in the tool car which was attached to the train. The cars were three and one-half or four feet above the top of the track. The rails being loaded would weigh some 600 or 700 pounds, and were piled between the tracks. The gang with which the plaintiff was working on the north side of the car picked up a rail and

threw it on to the car about the same time that the gang on the south side threw one on. The latter struck the top of the car, swung around and slid off the north side, striking the plaintiff. They had worked through the day in this manner, and no one had warned them when the rails were thrown from the opposite side. It was the first day the plaintiff had worked at loading rails. He commenced work at about seven o'clock in the morning, and the accident occurred about four o'clock in the afternoon. At the time the rail slid off, the rails were piled to the height of a foot or a foot and one-half in the center, and sloped down to the edge.

*Tuttle & Ransom,* for the appellant.

*C. D. Prescott,* for the respondent.

MARTIN, J.:

The only question raised by the appellant is as to the propriety of the nonsuit granted by the trial court. He has cited a great number of authorities relating to the dutes and liabilities of a master to his servant, the risks assumed by the servant, and upon the questions of negligence and contributory negligence. There is no uncertainty as to the rules of law established by the cases cited, but the question is as to their applicability to the facts in this case. We have carefully read the evidence and proceedings upon the trial, and fail to find sufficient proof of the defendant's negligence to entitle the plaintiff to recover under the doctrine of the cases bearing upon that question.

That a master owes to his servant the duty of furnishing reasonably safe appliances and machinery, a reasonably suitable and safe place in which to perform his work, and to exercise reasonable care in the selection of his co-employees, are well-settled principles of the law of negligence. We fail to find in the evidence in this case any omission upon the part of the defendant to discharge any of the duties required by these rules. There is no evidence to show that the appliances, machinery and the place where the plaintiff was performing his work were not reasonably safe. Neither do we find any evidence that any of the plaintiff's co-employees were incompetent, nor that the defendant was negligent in their selection.

The law also imposes upon a railroad company the duty of mak-

ing and promulgating rules, which, if faithfully observed, will give reasonable protection to its employees. This rule, however, is a reasonable one, and does not impose upon a railroad company the duty of making a specific rule for every particular act that is to be performed by its employees. The failure to adopt a particular rule is not evidence of negligence, unless it appears that the master in the exercise of reasonable care should have foreseen and anticipated the necessity therefor. It was not suggested at the trial, nor here, what particular rule the defendant should have adopted. In this case there was no evidence that any rule relating to the work in which the plaintiff was engaged had been adopted by other companies engaged in business of a similar character, or by experts or other witnesses to show that any rule was necessary or practicable in such a case. Nor was the evidence such as to make the necessity and propriety of making and promulgating any rule so obvious as to render the question one of common experience and knowledge. Under similar circumstances it was held by this court in *Doing* v. *N. Y., O. & W. R. R. Co.* (73 Hun, 270) that the evidence was not sufficient to justify the court in submitting to the jury the question of the defendant's negligence upon that ground. The same doctrine is held in *Berrigan* v. *N. Y., L. E. & W. R. R. Co.* (131 N. Y. 582), and *Morgan* v. *The Hudson River Ore & Iron Co.* (133 id. 666.)

The judgment and order should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred,

Judgment and order affirmed, with costs.