ELIAS WARN, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Personal injuries — rule in regard to signals on a car under inspection — a failure to enforce it presents a question of negligence — contributory negligence.*

Where an action is brought to recover damages for personal injuries resulting from the alleged negligence of the defendant, a railroad corporation, the court may properly allow the jury to determine, as a question of fact, whether the defendant was guilty of negligence in failing to promulgate and enforce a rule adopted by it requiring the use of blue flags and blue lights upon cars under which car inspectors were at work, provided the jury find that the rule was applicable to the particular train under which the injuries occurred.

The court may also properly submit to the jury the question whether the defendant had failed in the performance of the duty which it owed its car inspectors, to provide such appliances and such a system for the transaction of its business, conformably with rules, as would render their work reasonably safe.

Where, upon the trial of such an action, there is evidence upon the part of the defendant that the plaintiff had been directed to get out from under the car before the accident occurred, and there is also evidence to the effect that the plaintiff was so absorbed in his work that he did not hear the directions given, the question of contributory negligence is properly submitted to the jury.

Appeal by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 25th day of October, 1894, upon the verdict of a jury rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 20th day of October, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Hiscock, Doheny & Hiscock,* for the appellant.

*Jenney & Marshall* and *Louis Marshall,* for the respondent.

Hardin, P. J.:

The respondent was in the employ of the defendant as an inspector of its cars at the Syracuse depot on the 29th of May, 1890, when he received injuries by the sudden movement of the cars without any warning to him of an intention to move the cars which he was engaged in inspecting. He seems to have been an inspector for several years, and his duties were to inspect the cars that came into the depot. His habit was to commence at the rear end, sound the wheels if they were cast iron, and if they were paper wheels and steel tires he looked them over, and looked at the brakes and brake rods, brake beams, shoes and at the air hose. This work was performed by going under the cars and in between the tracks. As the train approached the depot on the occasion in question, the depot master informed the plaintiff that an excursion train was coming from the east going through to Buffalo, and when the train was pulling in, the depot master called out, " Hurry up, boys, look over the train so we can get it out before No. 10 comes in." The plaintiff, as well as his associates, commenced work at the rear end, and when between the cars he coupled the hose and fixed the handles and coupled the safety chains as he went along, and while thus engaged in the performance of his work he rose up to back out when he " got caught." He received no notice or warning that the train was to be put in motion. The plaintiff offered in evidence a rule known as No. 36 from the printed rules of the defendant, which was in the following language : " The blue flag by day and a blue light by night placed on the end of a car, denote that car inspectors are at work under or about the car or train. The car or train thus protected must not be

coupled to or moved until the blue signal is removed by the car inspectors.   When a car or train standing on a siding is protected by a blue signal, other cars must not be placed in front of it so that the blue signal will be obscured, without first notifying the car inspector, that he may protect himself." It appeared by the evidence that "the rules of the company are bound in pamphlet form and divided under headings and are classified, and rule 36, introduced in evidence with several others, is under the head of 'Train Signals.'" At the close of the plaintiff's evidence the defendant moved for a nonsuit upon several grounds, which was denied and an exception taken.   Evidence was given during the trial that there had been a practice of several years' standing to omit the observance of the rule when inspecting trains at the Syracuse depot.   Controversy was made upon the evidence as to whether the rule applied to passenger trains.   We think the evidence warranted the court in submitting to the jury "as a question of fact, whether the rule did apply to passenger trains as they arrived in the station in Syracuse or not, in view of all the circumstances."   After announcing the language we have just quoted, the judge observed : "Taking into account as one of those circumstances the fact that no attempt was ever made since that rule was devised to enforce it.   If you find, gentlemen, that that rule was made for the purpose of applying to railroad trains that came into the depot, and you also find that it was not promulgated and that it was not enforced, then, gentlemen, those are important considerations for you to have in mind in deciding whether the defendant used reasonable care or not for the protection of its employees in the dangerous position to which it had assigned them to duty."   The judge properly instructed the jury that if they found the rule did not apply to defendant's station and passenger trains at the station, and that it was not promulgated and not enforced, they might inquire whether the defendant "provided in place of that rule some other reasonable protection adequate to the situation."   And he followed that instruction by an observance that the law required reasonable diligence in the premises, and that what was reasonable diligence was a question for the jury under the circumstances of this case.

This case was before us on a former appeal, and our decision appears in 80 Hun, 71, where we held, viz.: "The law imposes upon

a railroad company the duty to its employees of diligence and care not only in furnishing proper and reasonably safe appliances and machinery and skillful and careful co-employees, but also of making and promulgating rules, which, if faithfully observed, will give reasonable protection to the employees. (*Abel* v. *President, etc., D. & H. C. Co.*, 103 N. Y. 581.) It is also required to exercise such a supervision over its servants and the prosecution of its business, as to have reason to believe that it is being conducted in pursuance of such rules. * * * The defendant, in making rules for the government of its employees, is bound to use ordinary care, and to anticipate and guard against such accidents and casualties as may reasonably be foreseen by its managers exercising such ordinary care. * * * The rule that a servant takes the risk of the business is subject to the qualification that the master must exercise reasonable care to guard the servant, while engaged in his duties, from unnecessary hazards, including hazards from negligence of co-employees. (See, also, *McGovern* v. *C. V. R. Co.*, 123 N. Y. 280.) Negligence of a servant does not excuse the master from liability to a co-servant for an injury which would not have happened had the master performed its duty."

We have made a careful inspection of the evidence produced on the trial now before us, and are of the opinion that the trial judge followed the rule of law laid down when we disposed of the former appeal in this case; and that he committed no error in submitting to the jury as a matter of fact to determine whether the defendant was guilty of negligence in failing to promulgate and enforce the law which it had adopted requiring the use of blue flags and blue lamps upon the cars under which inspectors were at work, in the event that the jury should find that the rule was applicable to the train under which the injuries occurred; and whether the defendant had failed in its performance of the duty which it owed to provide for its inspectors such appliances, and a system of transacting its business regulated by a rule that would render their work reasonably safe. (*Abel* v. *D. & H. C. Co.*, 103 N. Y. 581; S. C., on subsequent appeal, 128 id. 662; *Whittaker* v. *D. & H. C. Co.*, 126 id. 544.)

(2) We are of the opinion that the trial judge properly submitted the question as to the plaintiff's contributory negligence to

the jury.   Bearing upon that question was the evidence of Swanton, to the effect that he had directed the men to get out from under the cars; and in connection with that evidence was the testimony that the plaintiff did not hear the direction when it was given, as he was engaged in work which absorbed his attention, and that fact, together with his testimony as to what transpired at the time he received the injuries, presented considerations properly left to the jury to determine whether he was guilty of negligence which contributed to the injuries which he received.

The learned counsel for the appellant calls our attention to *Potter* v. *N. Y. C. & H. R. R. R. Co.* (136 N. Y. 77). We think that case is distinguishable from the one in hand.   In the course of an opinion delivered in that case, ANDREWS, J., said: "The evidence did not disclose any omission of duty by the defendant;" and he added: " Nor is claimed that proper regulations had not been established defining the duties of employees, and for the management of the business of the yard." And in many other respects the case differs from the one before us.   We have looked at the exceptions taken to the charge as delivered, and to the refusals to charge as requested, and are of the opinion that they do not require us to interfere with the verdict.   The trial judge seems to have carefully regulated the course of the trial by the doctrine laid down by us upon the former appeal.   Under such circumstances we are of the opinion that it is our duty to adhere to the decision made when the case was considered when the nonsuit was brought in review.

The judgment must be affirmed, with costs.

MERWIN and PARKER, JJ., concurred.

Judgment affirmed, with costs.