appear, and no presumption can be invoked in their favor (Tyroler v. Gummersbach, 28 Misc. Rep. 151, 59 N. Y. Supp. 266, 319).

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

---

(29 Misc. Rep. 328.)

GOLDBERG v. FOWLER.

(Supreme Court, Appellate Term. October 25, 1899.)

JUDGMENT—SUMMONS—DEFECTIVE SERVICE.

A judgment by default on service of a summons on the attorney of defendant, when defendant in no manner voluntarily submits himself to the jurisdiction of the court, is void.

Appeal from municipal court, borough of Manhattan, First district.

Action by Charles H. Goldberg against Clarence M. Fowler. There was a judgment against defendant by default, and he appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Harris & Corwin, for appellant.
David A. Sullivan, for respondent.

FREEDMAN, P. J. The return shows that the summons and complaint in this action were served upon "J. H. Corwin, attorney for Clarence Fowler, the defendant therein named." Upon the return day of the summons no one appeared for the defendant, and judgment was taken against him by default. The court below acquired no jurisdiction over the person of the defendant by the service of the summons upon his attorney, and, as the defendant has in no manner voluntarily submitted himself to the jurisdiction of the court, the judgment rendered against him is void, and must be reversed.

Judgment reversed, with costs to appellant. All concur.

---

(29 Misc. Rep. 331.)

DOYLE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. October 25, 1899.)

INJURY TO PASSENGER ON STREET CAR—COMPANY'S LIABILITY.

A passenger alighted from a car, and, after both feet were on the pavement, her skirt was caught in a part of the car, in what way does not appear, and she was dragged along for about the width of two houses. The car did not appear defective, but was of the most approved form and pattern. Held, that the company was not liable.

Appeal from municipal court, borough of Manhattan, First district.

Action by Margaret Doyle against the Metropolitan Street-Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Loftus & Caffrey, for appellant.
Henry A. Robinson, for respondent.

MacLEAN, J. This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. According to the testimony of the plaintiff, she was a passenger on one of defendant's cars, and, desiring to alight at the corner of King and Hudson streets, so signaled, and the car stopped. She alighted, and, after both feet were on the pavement, the car started, and dragged her along for about the width of two houses. She testified that her skirt was caught by some part of the car, how or in what manner does not appear. In Kelly v. Railway Co., 109 N. Y. 44, 15 N. E. 879, the plaintiff, in the act of alighting, caught her dress in a broken hook, used to fasten the curtains on open summer cars. There was no evidence of any knowledge of the defect on the part of defendant, and it appeared that all the Coney Island cars were equipped with the same kind of curtain and hook, that no better way was known, and that no similar accident had ever occurred. The court of appeals decided that, upon the evidence, the plaintiff should have been nonsuited for failing to establish her case. In the case at bar the plaintiff had alighted. There is no evidence of any defect in the car. On the contrary, it appears that the car was built in June, 1898, of the most approved form and pattern. The judgment of the trial justice in favor of the plaintiff, on the ground that the plaintiff had failed to establish her case, was right, and should be affirmed, with costs. Judgment affirmed, with costs.

FREEDMAN, P. J., concurs. LEVENTRITT, J., takes no part.

