justice and the jury were in exact accordance with the specific instructions contained in the stipulation, and consented to and authorized by counsel representing both parties to the action.

There is nothing in the record to show that the court was formally adjourned before the verdict was received, as claimed by counsel, with the exception of a statement in the affidavit of Mr. Lee, as follows:

"That thereupon his honor left the court, which thereupon adjourned."

This states a conclusion rather than a fact, and does not establish a formal adjournment and the contention that no court was in session when the verdict was·received. The fact that the presiding justice left the court room, a jury being out, would not adjourn the court. While it is true, as claimed, that the parties had no opportunity to poll the jury, that the court was not there where he could be reached for the purpose of a further charge or causing parts of the evidence to be read to the jury had it been necessary, and that had the verdict when rendered proved to have been irregular they could not have been sent back for further deliberation, because of their having been discharged before the verdict was received by the clerk, it is equally true that such conditions were made possible by the stipulation which they had the right to make, and the defendant cannot be heard to complain in this court of such results. The trial court could have relieved the defendant from the effect of the stipulation and waiver because of mistake, inadvertence, or other good cause; but such action was not invoked in its behalf, and it is too late to now complain of the·necessary results of its own acts although injurious to its interests. We see no reason why, under the authority cited, this stipulation was not one that counsel had a right to make, which cannot be repudiated because of claimed inherent illegality of the proceedings taken under its provisions. The absence of the trial justice and jury when the verdict was received was at most an irregularity which the parties by their stipulation have waived.

Order appealed from reversed, with costs.

Order reversed, with $10 costs and disbursements, and verdict, together with the judgment, reinstated. All concur.

---

(49 Misc. Rep. 131)

### WINTER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. December 21,, 1905.)

CARRIERS—INJURY TO PASSENGER ON STREET CAR—NEGLIGENCE—EVIDENCE.

An inference of negligence making the carrier liable for injury to a passenger on a street car is justified by the fact of the dislodgment of a nut causing the fall of the rear fender of the car, occasioning the accident; the jury not being bound to accept as sufficient the ·carrier's evidence of its system of inspection.

Appeal from City Court of New York, Trial Term.

Action by Thomas Winter against the Interurban Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

96 N.Y.S.—64

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Bayard H. Ames and E. Merriam Bagg, for appellant.

Joseph M. Davis, for respondent.

BISCHOFF, J. The plaintiff, when standing on the rear platform of the defendant's street car, was struck by the brake handle and injured; the motion of the brake handle having been caused by the rebound of the rear fender of the car, which had fallen to the street through the dislodgment of a nut whereby it had been attached to the car.

It was competent for the jury to find that the loosening of this nut was the proximate cause of the injury, and, since the nut had a necessary purpose in holding the equipment of the car together, the fact that it became loose and failed of its purpose justified an inference that it had not been properly secured in place—an omission which touched the defendant in its duty of care towards its passengers, since an insecure condition of the fender, with the car in motion, was reasonably to be deemed dangerous to passengers on the platform. Within the rules applicable to cases of this kind, therefore, a cause of action was apparent, and the proof warranted a recovery unless the jury should accept as sufficient the defendant's evidence of its system of inspection, which they were not bound to do. Palmer v. D. & H. C. Co., 120 N. Y. 170, 24 N. E. 302, 17 Am. St. Rep. 629.

The case of Kelly v. Railroad Co., 109 N. Y. 44, 15 N. E. 879, relied upon by the appellant, had to do with the proof necessary to sustain an action where the passenger's injury was due to a fall caused by catching her clothing in a broken hook of a window shade, and it was held that the defect was not sufficiently dangerous to require inspection and correction in avoidance of such an accident. The circumstances of the accident in the case at bar involved an omission of care in the operative means of conveyance, and, for the reasons stated in the Palmer Case (at page 177 of 120 N. Y., page 304 of 24 N. E. [17 Am. St. Rep. 629]), the Kelly Case is clearly distinguishable.

Judgment and order affirmed, with costs. All concur.