(1 App. Div. 178.)

### DAVIS v. STATEN ISLAND RAPID TRANSIT R. CO.

(Supreme Court, Appellate Division, Second Department. February 4, 1896.)

MASTER AND SERVANT—RULES TO PROTECT SERVANT.

  Where a railroad company published a rule requiring conductors to look after switches used by their engines, it was not liable for the death of a conductor, caused by the failure of another conductor, who knew of the rule, to properly adjust a switch after using it.

Appeal from circuit court.

Action by Catherine E. Davis, as administratrix of the estate of Frank Davis, deceased, against the Staten Island Rapid Transit Railroad Company. From a judgment entered on a verdict for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Tracy, Boardman & Platt, for appellant.

George W. Miller, for respondent.

BROWN, P. J. The plaintiff recovered a verdict for damages for the death of her husband, Frank Davis, who was a conductor upon the defendant's road, alleged to have been caused by the defendant's negligence. The accident which caused the death of the deceased happened on October 22, 1893, near Tottenville, Staten Island, the southern terminus of the road. A train of cars in charge of a conductor, named Sherman, and two brakemen, named, respectively, Franklin and Abbott, arrived at the Tottenville station at about 3:15 p. m. Conductor Sherman got off the train, and, the engine having been turned around, the train was taken back about one-half a mile, to a siding upon which it was to be placed. This siding was connected with the main track by a switch. Franklin, being on the rear car, got off and opened the switch, so as to allow the train to be backed upon the siding, and, having done so, jumped upon the rear car, and went back with it. Abbott was also upon the train, but neither he nor Franklin closed the switch, but went away leaving it open. Conductor Sherman did not accompany the train, or go down to the switch, but remained upon the station platform. About an hour later, another train, of which the deceased was the conductor, approached the Tottenville station, and as it was customary, when some distance therefrom, the engine was cut loose from the train, to enable it to go ahead, and make a flying switch and pass onto a turntable, while the train following went to the station. After the engine was cut loose, and went some distance ahead of his train, the engineer discovered the open switch. He immediately signaled for the brakes to be applied to the cars. Davis immediately went upon the platform of one of the cars, and applied the brakes, but the engine and cars all passed onto the siding, and collided with the train standing there, and, in the collision, Davis was killed.

That the immediate cause of the death of Davis was the neglect of a coemployé, is not denied. The verdict, however, rests upon the proposition that the defendant had neglected to make and promulgate a proper rule as to whose duty it should be to open and close the switch. The court left it to the jury to determine whether a proper and sufficient rule, in respect to opening and closing switches, had been made and promulgated, to which the defendant excepted. A book of rules and regulations made by the defendant in 1887, and in force upon the road at the time of the accident, was produced and put in evidence upon the trial. Those rules prescribed numerous duties for the conductors, among which was the following:

"(132) They must look after the switches used by their engines, as they will be held personally responsible for those used by their men. This rule applies to movements of engines in coming and going to engine houses before and after their runs."

Conductor Sherman was called as a witness for the plaintiff, and testified that he knew of this rule; that, while he was in the employ of the defendant, his train frequently switched from the main track to the siding, but that he never went to the switch to see that it was closed; that he left that duty to the brakemen, and never went to see whether they did it or not. We are of the opinion

that, in making and promulgating rule 132, the defendant fulfilled its duty to its employés. The law imposes upon a railroad company the duty to make and promulgate sufficient rules and regulations for the conduct of its business in its ordinary run, and for any extraordinary occasions that may be reasonably anticipated. Slater v. Jewett, 85 N. Y. 61. The rules must be such as, if faithfully observed, will give reasonable protection to the employés. Abel v. Canal Co., 103 N. Y. 581, 9 N. E. 325; Corcoran v. Railroad Co., 126 N. Y. 673, 27 N. E. 1022. Rule 132, if faithfully executed by the conductor, was ample to provide against such an accident as caused the death of Davis. It imposed upon conductors of trains the duty of looking after the switches. All that could be required from the company was that the rule should impose upon some of the employés the duty of seeing that the switches were closed. That is all that the respondent contends for. If the rule had provided, in the form suggested by the respondent's counsel, that the person who opened the switch should close it, it would, in that form, have constituted no greater safeguard against danger than the rule in force. The duty would have rested on an individual, just as the present rule imposes it, and it could have been neglected and omitted with as much ease as it was neglected in the instance before us. The proximate cause of the accident was not due to the failure of the defendant to make a proper rule, but to the neglect of a duty imposed by the defendant upon Conductor Sherman. For this neglect the defendant was not liable.

The judgment must be reversed, and a new trial granted, with costs to abide the event. All concur.