taken within 30 days after serving upon the attorney for the appellant a copy of the judgment or order appealed from and a written notice of the entry thereof. Nothing less than this formal service is sufficient to limit the time in which an appeal must be taken. The statute recognized the necessity of limiting the time within which an appeal can be taken, and fixed a time after which an appeal cannot be taken. It made that limit to depend upon an affirmative act of the respondent. That act was the service of the copy of the order or judgment appealed from. The fact that the appellants procured the order to be served upon the respondent cannot be said to be equivalent to this one act that the legislature required should limit the right of the appellant to appeal. It is hardly necessary to cite cases to sustain this proposition, as it rests upon the express provisions of the Code. It is only necessary, however, to say that no cases are cited in opposition to it, while it has been the uniform practice, and is sustained by an unbroken line of decisions. I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied.

PATTERSON, J., concurs.

---

(27 App. Div. 10.)

SHERIDAN v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

1. MASTER AND SERVANT—NEGLIGENCE—FELLOW SERVANTS.
 A master is not liable for injury to a servant caused by negligence of a fellow servant.

2. TRIAL—INSTRUCTIONS.
 An erroneous instruction is not cured, though at the close of the charge a party requested a correct instruction on the same subject, which he read to the jury, and the other party assented thereto, and the judge charged that, by consent of counsel, he assented to what was said, but made no direction that the instruction originally given should be modified.

3. SAME.
 The acceding to defendant's request to make a different charge on a proposition lying at the foundation of plaintiff's right to recover, without directing that the original charge be modified, is prejudicial to defendant.

Appeal from trial term.

Action by Robert W. Sheridan against the Long Island Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

William C. Beecher, for appellant.
Sumner B. Stiles, for respondent.

RUMSEY, J. The action was brought to recover damages for injuries received on account of the alleged negligence of the defendant, and upon the trial the plaintiff had a verdict. A motion for a new trial which was made upon the judge's minutes was denied, and, after

the entry of judgment upon the verdict, this appeal was taken from the judgment and order denying a new trial.    The plaintiff was employed in the yards of the defendant at Long Island City, and was at work under a car when an engine ran against it, and drove the car back, so that a bar which he was using was pressed down upon the rail, catching his wrist between the rail and the bar, and cutting off his hand.    The car under which he was at work was on one of the repair tracks, and the plaintiff, with another man, was engaged in putting new wheels upon it.    He bases his cause of action upon a claim that the defendant failed to make and enforce proper rules for his protection while so engaged.    A rule had been made by the defendant to apply to such cases; but the plaintiff insisted that the rule was not sufficient for the purpose, and was so systematically violated by the employés, with the knowledge of the defendant's officers, that it had practically been allowed to become a dead letter, and for that reason the defendant had failed to perform its duty towards its employés.    The defendant, on the contrary, insisted that the rule was a sufficient rule; that it was generally enforced; and that the accident to the plaintiff happened solely because he and his co-employé at work on this particular car at this time did not see fit to obey it.    The question whether the rule was a proper one, and was properly enforced by the defendant, was submitted to the jury in a manner which was not excepted to; and we do not propose to consider the question whether or not the case was properly disposed of in that regard.    The gang in which the plaintiff was at work at the time the accident occurred consisted of another man, who had been in the employ of the defendant for several years, and the plaintiff himself.    The plaintiff had been thus employed only for a few days.    The rule provided that a blue flag, by day, placed at the end of a car, denoted that car inspectors are at work under or about that car or train.    The car or train thus protected was not to be coupled to or moved until the blue signal was removed.    There were in the yard four repair tracks, one of which, upon which this car was standing, being known as the "wheel spur track."    It was conceded that no blue signal was put at the end of this car before the men proceeded to work upon it.    There was evidence from which the jury might have found that it was the duty of Clavin, who was working with the plaintiff, to see to it that the car was properly protected by the flag, and that he was perfectly familiar with the rule, but that he did not put up the flag because he did not think that it was necessary to do so.    These facts were not conceded, but there was sufficient evidence of their existence to require that they should be submitted to the jury; and, if the jury found that they existed, it would necessarily follow that this accident was caused by the failure of Clavin to obey this rule, of the existence of which he was well aware, and the object of which he knew.    His failure to obey it would clearly have been negligence, and for his negligence, as that of a co-employé, the defendant would not have been liable, and such negligence would have been a perfect defense to the action.

The court, in its charge, said to the jury that if they found that the plaintiff's accident and the injury which he received were due solely and wholly through the negligence of the defendant's servant, and that the plaintiff himself was free from negligence, the plaintiff would be en-

titled to recover. To this direction the defendant took an exception. No rule of law is now better settled in these cases than that, when one servant suffers injury solely through the negligence of a fellow servant, the master is not liable. Davis v. Railroad Co., 1 App. Div. 178, 37 N. Y. Supp. 157. The direction, therefore, given by the court, which was excepted to, was serious error, and the exception was well taken.

At the close of the charge, however, the defendant's counsel requested the court to charge that, if the accident was caused in any way by the neglect of the fellow workman of the plaintiff, then the defendant cannot be held responsible, and the plaintiff cannot recover. The court at first refused to make that charge, but afterwards, at the suggestion of the plaintiff's counsel, said to the jury that by consent of counsel the court charged as requested; but he did not modify or change the direction given in his original charge, that if the jury found that the accident was caused wholly by the negligence of the defendant's servants, and the plaintiff was free from negligence, he was entitled to a verdict. As the case stood, then, when it went to the jury there were two contradictory statements of the law in this regard; the first one clearly erroneous, and the second one not stated by the court to the jury in terms, but read or stated to the court by the counsel, and only charged by way of a statement that, by consent of counsel, the court assented to what was said. The proposition was one which lay at the very foundation of the plaintiff's right to recover. The first direction given to the jury with regard to it was clearly erroneous. Undoubtedly, if the answer to the request to charge to the contrary had been given by way of a statement of the law containing a retraction of the former statement contained in the charge, the jury would have been properly instructed upon that subject; but, as it stood, the only instruction which they actually received in terms from the court was an erroneous one, which was seriously detrimental to the defendant, and at the end of the trial it is very doubtful whether the jury had any instruction upon that subject, because the court had given them directions in one way, had acceded to the request of counsel that the law was different, but had permitted both propositions to stand for the guidance of the jury. It is quite clear that, when the jury went out, they could have had no proper instruction in regard to this important element in the case, as to which the evidence in favor of the defendant was greatly preponderating; and it must be assumed that this error was injurious to the defendant, and for that reason a new trial must be granted, with costs to the defendant to abide the event. All concur.